UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS LAHAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| INDIANA LAW ENFORCEMENT ACADEMY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Thomas Lahay ("Lahay"), by counsel, brings this action against Defendant, Indiana Law Enforcement Academy ("Defendant"), for violating the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §2000e *et. seq.*

**II. PARTIES**

2. Lahay is a resident of Hendricks County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business in Hendricks County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 29 U.S.C. §626(c); and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer," as that term is defined by 29 U.S.C. §630(b) and 42 U.S.C. §2000e(b).

6. Lahay is an "employee," as that term is defined by 29 U.S.C. §630(f) and 42 U.S.C. §2000e(f).

7. Lahay satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No.470-2024-05759) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his age, race, and retaliation for engaging in protected activity. Lahay received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV. FACTUAL ALLEGATIONS

9. Lahay, who is Caucasian and currently 60, began working for the Defendant on or about November 21, 2016.

10. Prior to working with the Defendant, Lahay served 31-years with the Indiana Department of Natural Resources Law Enforcement Division as a Conservation Officer.

11. Lahay's current title is Law Enforcement Training Specialist ("LETS"). At all relevant times, Lahay met or exceeded Defendant's legitimate performance expectations.

12. On or about November 2018, Timothy M. Horty ("Horty"), who is Caucasian, became the Executive Director of the Indiana Law Enforcement Academy.

13. Upon becoming the Executive Director, Horty had individual meetings with each employee at the Defendant, including Lahay.

14. During his meeting with Lahay, Horty stated that he intended to "clean up the old, retired white guy" culture at the Defendant. He then asked Lahay, to help him seek out younger officers of minority races that "did not look like him" and work to move them into leadership/higher roles.

15. Other LETS employees at the Defendant confirmed to Lahay that they were told the same thing by Horty during these meetings.

16. While Executive Director, Horty made similar comments privately and publicly about replacing older, white males at the Defendant.

17. Horty also took steps to only hire women and minorities in various roles upon becoming Executive Director. Said roles/actions include but are not limited to:

   a. The Deputy Director, Jennifer Fults;
   b. Hiring an ineligible African American Trainer (Patrick Cousin) whose instructor certification had expired;
   c. Hiring a Hispanic Trainer whose instructor certification had expired; and
   d. Offering employment to a nonqualified female, Connie Pearson, and another Hispanic Trainer, Steve Puente, over more highly qualified applicants.

18. In 2020, Lahay received a majority "exceeds expectations" performance evaluation. The same occurred in 2021, 2022, and 2023.

19. On or about April 30, 2024, a "Captain" vacancy was announced via email by Horty. In the email, Horty outlined the requirements or applications and consideration.

20. Lahay submitted his application on or about May 16, 2024, and submitted to an interview on or about May 30, 2024.

21. Alongside the Lahay, Patrick Cousin ("Cousin"), an African American and Staff Instructor who is believed to be younger than Lahay, submitted his application for said "Captain" role.

22. On or about June 3, 2024, Horty announced that Cousin had been selected for the open Captain Role.

23. At that time, Cousin had 17-years of experience, was less experienced than Lahay, and was much younger than Lahay. Said Captain role comes with a higher salary and better benefits.

24. Upon being hired into the Captain Role, Cousin's salary increased to $82,865.00. Lahay remained in his Law Enforcement Training Specialist role and salary, which is $69,700.

25. On or about July 10, 2024, Lahay requested to have an in-person meeting with Horty regarding his non-selection for the Captain position.

26. On or about July 15, 2024, Lahay, Horty, and Major Mark Bridge had a meeting in person. During the meeting, Horty stated that Cousin was a "better fit" for the role. However, Horty also confirmed that

   a. The Defendant did not have a written policy or specific procedure regarding promotions;
   b. Horty confirmed that he created a different interview process for this Captain position than he did for another Captain position that he had filled just a few months ago;
   c. Horty confirmed that the decision to promote was his alone even though there were 4 other executive staff members involved in the interview process;
   d. Horty confirmed that he did not use any official scoring or grading matrix for the process; and
   e. Horty stated that he did not consider tenure, experience in law enforcement, work experience at the academy, additional training and/or education, work performance history, or special contributions made to this particular position in his decision.

27. When Lahay complained that Horty's decision appeared to be discriminatory in nature and was motivated by selecting a minority, Horty responded that his definition of diversity was most likely different than Lahay's definition.

28. On or about July 23, 2024, Lahay filed a civil service employee complaint regarding his non-selection for the Captain position. Lahay complained of discrimination and a lack of policy or procedure on the selection process for any promotions.

29. Since filing his civil service employee complaint, Lahay has been offered a new position as the Director of Scenario-Based Training. Said position includes the same pay and benefits as Lahay's current role, but his office is in another building. His current office is located in the same office/floor as Horty.

30. Lahay has been damages as a result of the Defendant's actions.

## V. CAUSES OF ACTION

## COUNT I: ADEA – AGE DISCRIMINATION

31. Lahay hereby incorporates paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32. At all times relevant to this matter, Lahay was over the age of 40.

33. Defendant discriminated against Lahay on the basis of his age by failing to consider or promote him to Captain despite superior qualifications, and the position was awarded to a younger employee, outside of Lahay's protected class(es).

34. Defendant's actions were intentional, willful, and in reckless disregard of Lahay's rights as protected by the ADEA.

35. Lahay has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII – RACE DISCRIMINATION

36. Lahay hereby incorporates paragraphs one (1) through thirty-six (36) of his Complaint as if the same were set forth at length herein.

37. Lahay is a Caucasian individual.

38. Defendant discriminated against Lahay on the basis of his race by failing to consider or promote him to Captain despite superior qualifications, and the position was awarded to an African American employee, outside of Lahay's protected class(es).

39. Defendant's actions were intentional, willful, and taken in reckless disregard of Lahay's rights as protected by Title VII.

40. Lahay has suffered and considers to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: ADEA & TITLE VII – RETALIATION

41. Lahay hereby incorporates paragraphs one (1) through forty (40) of his Complaint as if the same were set forth at length herein.

42. Lahay engaged in a protected activity when he complained about the discriminatory promotion process both verbally and by filing a civil service employee complaint.

43. Defendant retaliated against Lahay for engaging in protected activity by reassigning him to a new position.

44. Defendant's actions were intentional, willful, and taken in reckless disregard of Lahay's rights as protected by Title VII.

45. Lahay has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Thomas Lahay, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their age and race and/or retaliates against any employee after engaging in a protected activity;

2. Instate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII;

6. Award Plaintiff punitive damages for Defendants' violations of Title VII;

7. Award Plaintiff liquidated damages for Defendant's violations of the ADEA;

8. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9. Award Plaintiff pre- and post-judgment interest on all sums recoverable;

And,

10. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: */s/ Taylor Ferguson*

Taylor Ferguson, Atty No. 3551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Office:     (317) 991-4765
Facsimile:  (812) 424-1005
E-Mail:    terfuson@bdlegal.com

*Attorneys for Plaintiff, Thomas Lahay*

### DEMAND FOR JURY TRIAL

Plaintiff, Thomas Lahay, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: */s/ Taylor Ferguson*
Taylor Ferguson, Atty No. 3551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Office:     (317) 991-4765
Facsimile:  (812) 424-1005
E-Mail:    terfuson@bdlegal.com

*Attorneys for Plaintiff, Thomas Lahay*